IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

MICHAEL E. MCKINZY, SR.,

    *Plaintiff,*

vs.

    Case No. 13-cv-2474-EFM-JPO

INTERNAL REVENUE SERVICE,

    *Defendant.*

## MEMORANDUM AND ORDER

This matter comes before the Court on Defendant's Motion to Dismiss Plaintiff's Complaint (Doc. 11) for failure to state a claim upon which relief can be granted. Defendant argues that Plaintiff is not entitled to his 2012 federal income tax overpayment because it was credited against Plaintiff's existing federal income tax liabilities. For the reasons stated below, the Court grants Defendant's Motion to Dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6).

### I.    Factual and Procedural Background

The Plaintiff overpaid his 2012 federal income taxes by $929. On April 15, 2013, Defendant credited the $929 against Plaintiff's existing federal income tax liability from 2001.[1] On September 11, 2013, Plaintiff filed this action in the United States District Court for the

---

[1] Complaint, Doc. 1, at 3.

District of Kansas claiming that Defendant wrongfully refused to refund his 2012 federal income tax overpayment. On December 2, 2013, Defendant filed a Motion to Dismiss pursuant to Rule 12(b)(6).

## II. Legal Standard

Under Rule 12(b)(6), a defendant may move for dismissal of any claim for which the plaintiff has failed to state a claim upon which relief can be granted.[2] Upon such motion, the court must decide "whether the complaint contains 'enough facts to state a claim to relief that is plausible on its face.'"[3] A claim is facially plausible if the plaintiff pleads facts sufficient for the court to reasonably infer that the defendant is liable for the alleged misconduct.[4] The plausibility standard reflects the requirement in Rule 8 that pleadings provide defendants with fair notice of the nature of claims as well as the grounds on which each claim rests.[5] Under 12(b)(6), the court must accept as true all factual allegations in the complaint, but need not afford such a presumption to legal conclusions.[6] Viewing the complaint in this manner, the court must decide whether the plaintiff's allegations give rise to more than speculative possibilities.[7] If the allegations in the complaint are "so general that they encompass a wide swath of conduct, much

---

[2] Fed. R. Civ. P. 12(b)(6).

[3] *Ridge at Red Hawk, LLC v. Schneider*, 493 F.3d 1174, 1177 (10th Cir. 2004).

[4] *Iqbal*, 129 S. Ct. at 1949 (citing *Twombly*, 556 U.S. at 556).

[5] *See Robbins v. Oklahoma*, 519 F.3d 1242, 1248 (10th Cir. 2008) (citations omitted); *see also* Fed. R. Civ. P. 8(a)(2).

[6] *Iqbal*, 129 S. Ct. at 1949.

[7] *See id.* ("The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." (Citation omitted)).

of it innocent, then the plaintiffs 'have not nudged their claims across the line from conceivable to plausible.'"[8]

A 12(b)(6) motion must be converted to a motion for summary judgment under Rule 56 if "matters outside the pleadings are presented to and not excluded by the court."[9] The Tenth Circuit has recognized that "a motion to dismiss should be converted to a summary judgment motion if a party submits, *and the district court considers*, materials outside the pleadings."[10]

### III.   Analysis

The parties do not dispute that Plaintiff overpaid his 2012 federal income taxes by $929. There is also no dispute that Defendant did not refund any of Plaintiff's $929 overpayment. The issue in this case is whether Defendant's refusal to refund Plaintiff is lawful.

Section 6402(a) of the Internal Revenue Code gives Defendant authority to "credit the amount of [an overpayment] against any liability in respect of an internal revenue tax on the part of the person who made the overpayment."[11] Prior to filing his 2012 federal income tax return, Plaintiff's 2001 federal income tax liabilities remained in excess of $929.[12] Upon receipt of Plaintiff's 2012 federal income tax return, Defendant credited $929 to Plaintiff's 2001 liabilities.[13]

---

[8] *Robbins*, 519 F.3d at 1247 (quoting *Twombly*, 566 U.S. at 570).

[9] FED. R. CIV. P. 12(d).

[10] *Alvarado v. KOB-TV, L.L.C.*, 493 F.3d 1210, 1215 (10th Cir. 2007) (quoting *Prager v. LaFaver*, 180 F.3d 1185, 1188 (10th Cir. 1999)) (emphasis added).

[11] 26 U.S.C. § 6402(a).

[12] Complaint, Doc. 1, at 3 (showing amount due of more than $10,000).

[13] *Id.* The Complaint includes a copy of an IRS billing summary mailed to Plaintiff in September 2013. The billing summary clearly indicates that Plaintiff's overpayment for 2012 was applied to the taxes owed for 2001. It includes the following statement: "We applied $929.00 of your 2012 (Form 1040) overpayment to the amount you owe for 2001. As a result, the amount you owe for 2001 is $10,945.75." This self-authenticating document is

Defendant acted lawfully under § 6402(a) when it applied Plaintiff's 2013 overpayment against existing tax liability. Plaintiff has no right to a refund of his 2012 federal income taxes. Therefore, the Complaint fails to state a claim upon which relief can be granted, and Defendant's Motion to Dismiss pursuant to Rule 12(b)(6) is granted.

**IT IS THEREOFRE ORDERED** that Defendant's Motion to Dismiss Or, In The Alternative, For Summary Judgment (Doc. 10) is hereby **GRANTED**.

**IT IS SO ORDERED**.

Dated this 19th day of March, 2014.

*[signature]*

ERIC F. MELGREN
UNITED STATES DISTRICT JUDGE

---

sufficient for the Court to decide the issue in this case. Because the Court need not consider the outside materials in Defendant's motion (Doc. 11), the Court need not convert the 12(b)(6) motion to a motion for summary judgment. *See Alvarado*, 493 F.3d at 1215.